CASE 77.—PETITION FOR WRIT OF PROHIBITION BY T. L. WELBORN AND OTHERS AGAINST JOHN W. EDWARDS, JUDGE.—May 15.

# Welborn, &c., v. Edwards, Judge

Appeal from Logan Circuit Court.

W. P. SANDIDGE, Circuit Judge.

From a judgment sustaining a demurrer to the petition and dismissing it, plaintiff appeals. Affirmed.

Courts—Jurisdiction of Inferior Courts—Amount in Dispute— Prohibition—Where an injunction is issued out of a quarterly court restraining the sale of property under an execution issued out of such court, the property being claimed as exempt and being of the value of more than $25, a writ of prohibition will not be issued by a circuit court against such injunction on the grounds of lack of jurisdiction, under Code Prac., section 248, providing that "no injunction shall be granted to stay proceedings upon a judgment of a justice of the peace or of a county court if the value of the matter

Welborn, &c. v. Edwards Judge.

in dispute do not exceed twenty-five dollars," since the "matter in dispute" is more than $25.

J. C. BROWDER for appellant.

WILBUR F. BROWDER of counsel.

### POINTS AND AUTHORITIES.

1. Section 284, Civil Code of Practice, is mandatory and no injunction to stay proceedings on a judgment of a quarterly court, can be issued unless the amount of the judgment exceed $25.00.

2. The judge of a quarterly court who assumes the authority to and does issue a temporary restraining order enjoining proceedings on a judgment for less than $25.00, is acting without jurisdiction and his order is void.

3. No injunction will be granted where there appears by the applicant's petition to be other and adequate remedy at law.

4. Where an inferior court is proceeding beyond its jurisdiction, the writ of prohibition is the proper remedy for the party aggreived. Especially is this true where no appeal will lie from the judgment of the inferior court.

### CITATIONS.

Civil Code, sec. 284; Meeters v. Clements, 12 Bush, 359; Kelly v. Kelly, 2 Duv., 363; Civil Code, sec. 273; Civil Code sec. 285; Kentucky Statutes, secs. 978, 950; Criminal Code, sec. 347; Endlich on Interpretation Sts., secs. 155, 158; Weaver, Mayor, v. Toney, 107 Ky., 419; Vance v. Workman (Ind), 8 Black, 306; Goldsmith v. Owens, Judge, 95 Ky., 420; Arnold and Parrish v. Shields, 5 Dana, 18.

GEORGE L. HARDY for appellee.

(No brief in the record.)

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

At the September term, 1899, James White recovered a judgment against Morton H. Rogers in the Logan quarterly court for $5 and cost, $3.05. On

March 8, 1906, an execution was issued on the judg-
ment, which went into the hands of the constable, T.
L. Welborn, and was by him levied on a roan mare,
the property of Rogers, which he advertised for sale.
Rogers then filed his petition in the Logan quarterly
court against Welborn and White, in which he alleged
that he was summoned to appear in the quarterly
court at the September term, 1899, to answer the
claim of White; that he appeared and the case was
dismissed for want of prosecution, White not appear-
ing; that after this and at a subsequent term the
judgment was rendered against him, the judge of the
quarterly court having set aside the order dismissing
the case without notice to him. He also alleged that
the mare was exempt from execution. On these facts
the quarterly court granted an injunction restraining
the defendants from proceeding further under the
execution or selling the mare levied on until the
further order of the court. The defendant demurred
to the jurisdiction of the court, and filed an answer
denying the allegations of the petition. The court
overruled the demurrer, and overruled the defend-
ants' motion to dissolve the injunction. Thereupon
the defendants brought this suit in the Logan circuit
court, seeking a writ prohibiting the judge of the
Logan quarterly court from proceeding further with
the injunction, on the ground that the quarterly court
was without jurisdiction to grant an injunction in the
case under section 284 of the Code of Practice: "No
injunction shall be granted to stay proceedings upon a
judgment of a justice of the peace, or of a county
court, if the value of the matter in dispute do not
exceed twenty-five dollars." The court sustained a
demurrer to the petition, and dismissed it. The plain-
tiffs appeal.

While the amount of the judgment in controversy is less than $25, "the value of the matter in dispute" is more than $25. The mare is worth $100. If the injunction is not granted, the constable will sell the mare under the execution. The value of the matter in dispute is not to be determined from the amount of the judgment. The thing in dispute is the right of the officer to seize the plaintiff's mare and sell her. If the amount of the judgment was $100, and the property levied on worth $10 and claimed as exempt, the value of the matter in dispute would not be the amount of the judgment. The only thing in dispute would be the right to sell property worth $10 for the debt. Here there cannot be a sale of so much of the property as may be necessary to pay the debt, and therefore the amount of the debt is not material. The thing in dispute is the sale of the mare, and the value of the matter in dispute must be determined by the value of the mare. If the allegations of the petition are true, the mare is not subject to the execution, and her seizure was wrongful; and, if the facts stated in the petition are true, the judgment rendered in the quarterly court should be opened, and the original case should be heard on its merits. The quarterly court was proceeding within its jurisdiction, as that court alone had jurisdiction to vacate or modify the judgment which had been rendered, and it might grant an injunction where the value in dispute between the parties at the time of the application was not less than $25.

Judgment affirmed.